# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**SAMUEL M. CARRASCO,**

      Plaintiff,

vs.                                                                              Civ. No. 01-339 LH/DJS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision filed September 4, 2001. (Docket No. 6 ).   The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the court finds that the motion is well taken.

## PROPOSED FINDINGS

### I.  PROCEDURAL RECORD

1.      Plaintiff Samuel Carrasco filed an application for benefits on May 19, 1997 alleging a disability since August 1, 1993. Tr. 43-44.  The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on November 17, 1998.  At the hearing, the Plaintiff was represented by his

attorney. On November 17, 1998, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. Sec. 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The claimant has not engaged in post-onset substantial gainful activity; the claimant has had a "severe" impairment or combination of impairments: right leg above knee amputation, internal derangement of the left knee with ligamentous instability, a dysthymic disorder, borderline intellectual functioning, and a somatoform disorder; the severity of the claimant's's impairments do not meet or equal a listed impairment; the claimant has symptom-producing medical problems but exaggerates the symptoms and functional limitations produced thereby; the claimant has the residual functional capacity for at least sedentary unskilled work with some physical limitations; the claimant cannot perform his past relevant work; and the claimant "has thus been able to make a satisfactory adjustment to a significant number of jobs in the national economy and, as such, is not disabled." Tr. 14-17.

2. On the date of the ALJ's decision, Plaintiff was 41 years old. His part time work was unskilled. Plaintiff dropped out of school about three months into the ninth grade when he lost his right leg in a motorcycle accident. Tr. 135.

3. The ALJ entered her decision on January 20, 1999. Thereafter, the Plaintiff filed a request for review. Tr. 8. On January 26, 2001, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 5. The Plaintiff subsequently filed his complaint for court review of the ALJ's decision on March 26, 2001.

## II. STANDARD OF REVIEW

4. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards.

See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence on the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

5. In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C. Sec.423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. Sec. 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

6. At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities and his impairment meets or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. Secs. 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III. DISCUSSION

7. Plaintiff raises two errors by the ALJ. Plaintiff asserts that his mental and physical impairments meet or were equivalent to the listing of impairments at 20 C.F.R. Part 404, Subpart P. Appendix 1, Sections 12.05(C) and 1.10.

<u>Listing of Impairment 12.05(C) Mental Retardation and Autism</u>

8. Listing of impairment 12.05(C) requires that Plaintiff have a "valid verbal, performance, or full scale IQ of 60 and 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function..." 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 12.05(C). As noted by the ALJ, Plaintiff was given an IQ test on two occasions. On December 5, 1997, Louis Wynne, Ph.D., a psychologist, administered the Wechsler Adult Intelligence Scale-Revised (WAIS-R) test. Plaintiff scored a 72 on verbal, a 77 on performance and a full scale of 73. Tr. 156. Marianne Westbrook, Ph.D., a psychologist, administered the same test and Plaintiff scored a 66 on verbal, a 76 on performance and a full scale of 69. Tr. 201. To meet the listing, Plaintiff must perform a score of 60 to 70 on a **valid** IQ test. In the second test, Dr. Westbrook noted that "[i]t is quite likely that Mr. Carrasco's scores were artificially lowered by his level of depression." <u>Id</u>. This was noted by the ALJ who then concluded that she would not "credit these scores because they are of questionable validity." Tr. 13.

9. Plaintiff argues that Section 12.05 requires the ALJ to use the lowest IQ score in determining whether Plaintiff is disabled. The regulation states that in cases where more than one IQ is customarily derived from the test administered, i.e., where verbal, performance and full-scale IQs are provided as on the WAIS, the lowest of these is used in conjunction with 12.05. 20 C.F.R. Part 404, Subpt p, App.1 §12.00 (c). The regulation directs the ALJ to use the lowest IQ score produced in one administered test. It does not affect the use of conflicting IQ scores which are the product of

4

two separately administered tests.

10. In this matter, the record contains conflicting evidence on Plaintiff's IQ. "In light of conflicting IQ scores, the ALJ was required to determine which more accurately reflected plaintiff's mental capabilities." Pfeister v. Bowen, 673 F. Supp. 723, 730 (W.D, Penn. 1987). "An ALJ may disregard IQ scores as unreliable if there is substantial evidence supporting such a conclusion." Id.

Section 12.00(d) requires the ALJ to "include a discussion of whether or not obtained IQ scores are considered valid and consistent with the individual's's developmental history and degree of functional restriction. Maggard v. Apfel, 167 F.3d 376, 380 (7th Cir. 1999).

11. In this matter, the ALJ simply concluded that the lower scores would be discounted because of their "questionable validity." Such a statement falls short of the analysis and discussion required by the regulations. The ALJ did not discuss the Plaintiff's developmental history and his mental functional restrictions.

Listing of Impairment 1.10 Amputation of one lower extremity.

12. Plaintiff has the burden at step three of demonstrating through medical evidence that his impairments "meet all the specified medical criteria' contained in a particular listing." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). Plaintiff asserts he meets the listing which states that:

> C. Inability to use a prosthesis effectively, without obligatory assistive devices, due to one of the following:...
> 4. Disorder of a contralateral lower extremity, which markedly limits the ability to walk and stand."

20 C.F.R. Part 404, Subpart P, Appendix, 1, Section 1.10.

The only medical evidence on this listing is a report by a consultative physician, Dr. H. John Erickson. In his report he states the following:

> X-ray of the left knee standing showed...narrowed medial joint line and patellofemoral degenerative disease.

5

> The examination of the left knee showed marked collateral ligament instability.
>
> [P]atient does have internal derangement of the left knee with ligamentous laxity. This, combined with the right AK (above the knee amputation), makes ambulation any climbing, stooping, squatting, extremely difficult. I feel that the patient will need arthroscopic evaluation of the knee with correction as needed in order to be employable.
>
> Dr. Erickson also states that Plaintiff can stand and/or walk 2-3 hours without interruption in an 8 hour day.

Tr. 135-36.

13. There are internal inconsistencies in the report by Dr. Erickson. The ALJ did not discuss these inconsistencies. Knight v. Chater, 55 F.3d 309, 314 (7th Cir. 1995) ("Medical evidence may be discounted if its internally inconsistent or inconsistent with other evidence" in the record.") Rather the ALJ merely selected the portions of the report that supported her decision. This is error.

Credibility

14. At step four the ALJ made an adverse credibility finding. She wrote that:

> The claimant has symptom-producing medical problems but exaggerates the symptoms and functional limitations produced thereby. Hence, the claimant's testimony does not credibly establish symptoms or functional limitations to the extent alleged.

Tr. 13.

Again, this is error. The ALJ did not provide any reasons for this finding. Nor does the record support such a finding. Jackson v. Apfel, 162 F.3d 533, 538 (8th Cir. 1998)("An ALJ may discount a claimant's subjective complaints only if there are inconsistencies in the record as a whole."); Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir.. 1988) ("Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of listings.") The Plaintiff went on his own to the division of rehabilitation to find work. Tr. 143. He testified that he had no income. He did not receive any welfare. He was sent by Dr. Hollingsworth to apply for general assistance and for food stamps. Tr. 144. It was Dr. Hollingsworth's opinion that the plaintiff "is a man who would really like to work." Tr. 143.

15. Finally, the Court notes that Social Security Ruling 96-9p mandates that "a complete inability to stoop would significantly erode the unskilled sedentary occupation base and a finding that the individual is disabled would usually apply."

## **RECOMMENDED DISPOSITION**

I recommend finding that the ALJ did apply the correct legal standards and his decision is supported by substantial evidence. The Plaintiff's Motion to Reverse and Remand Administrative Decision, filed September 21, 2001, should be **GRANTED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**